Archibald C. Wemple, J.
The attorney for the judgment creditor contended that the fund in question — representing earned but unpaid commissions as agent on sale of real estate — was not exempt from levy under execution. On the other hand, the attorney for the judgment debtor argued that the fund represented earnings which were already subject to deduction under a wage assignment; that as salary, the fund under section 793 of the Civil Practice Act could only be reached by levy only under certain circumstances and then, if at all, not in its entirety but only in installments. The judgment debtor sought to show in a special hearing that part or all of the fund was pledged or required for living expenses for the debtor and his family.
The fund, matured or unmatured, was an asset of the judgment debtor. It was a debt owed by the third party to the judgment debtor. As such it was reachable by levy — either under section 687-a of the Civil Practice Act, if earned more than 60 days prior to the levy — or—alternatively, the fund may be construed as a debt — unmatured but definite — which could be reached through proceeding under section 794 of the Civil Practice Act. It seems clear that section 793 of the Civil Practice Act provides for installment payments levied upon earnings and extended beyond the usual 10% of a garnishment. As such, it is inapplicable in the instant case.
Upon proceeding properly under the provisions of either section 687-a or section 794 of the Civil Practice Act, the fund due or to become due the judgment debtor may be levied upon and reached.